IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kenny Ray Cabbagestalk, #16300171, | ) | C/A No.: 1:10-2208-RBH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Francisco Quintana, Warden, | ) | |
| Defendant. | ) | |

Petitioner, Kenny Ray Cabbagestalk ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner is a federal inmate at the Federal Complex in Adelanto, California and filed this action in the United States District Court for the Central District of California, Western Division, ("C.D. Cal.") which transferred the action to this court. Petitioner seeks to vacate his 156-month sentence of imprisonment.

I. *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

*Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

II. Factual and Procedural Background

On July 28, 2010, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 in the C.D. Cal. requesting that his 156-month sentence of imprisonment entered in *United States v. Cabbagestalk*, Cr. No. 4:08-624-RBH (D.S.C.), be vacated and that he be

re-sentenced. Petitioner argues that his sentence was illegally enhanced because he does not have a previous history or conviction for use of a firearm and further alleges that he had ineffective assistance of counsel at his sentencing. On August 20, 2010, the C.D. Cal. entered an order transferring the case to this sentencing court because Petitioner must bring his claims pursuant to 28 U.S.C. § 2255. [Entry #3]. On December 1, 2008, Petitioner pled guilty in this court to one count of interference with commerce by threat or violence and one count of using and carrying a firearm during and in relation to a crime of violence. *See United States v. Cabbagestalk*, Cr. No. 4:08-624-RBH [Entry #67].[1] On April 2, 2009, the Honorable R. Bryan Harwell sentenced Petitioner to 72 months imprisonment on count one and 84 months imprisonment on count two, to run consecutively for a total of 156 months. *Id.* at Entry #98. Petitioner did not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255 in this court. *Id.*

III.  Discussion

Persons seeking federal post-conviction relief from a federal court conviction are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

---

[1] It is appropriate for this District Court to take judicial notice of Petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'") (citations omitted).

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A petition under 28 U.S.C. § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence when a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). In this case, the C.D. Cal. ruled that the § 2255 "savings clause" did not apply to Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2241 and that Petitioner must bring his petition pursuant to § 2255. [Entry #3] This court agrees that this action is not cognizable pursuant to § 2241. *See Bowens v. Warden, FCI Edgefield,* C/A No. 8:10-38-RBH, 2010 WL 1493108 (D.S.C. April 13, 2010) (rejecting the argument that § 2255 is inadequate or ineffective when a § 2255 would be time-barred by the statute of limitations); *Joseph v. Wells*, No. CV 308-050, 2009 WL 256006 (S.D. Ga. Feb. 3, 2009) (noting that "the mere fact that relief under § 2255 is time-barred is not alone sufficient to make § 2241 an available remedy"). *See also Holland v. Florida*, 130 S.Ct. 2549 (2010) (holding that the AEDPA one-year limitation period is subject to equitable tolling in appropriate cases).

The undersigned finds it in the interest of justice to recharacterize this § 2241 habeas petition as a § 2255 habeas petition. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different

legal category . . . to avoid an unnecessary dismissal . . . ."). Because the AEDPA one-year statute of limitations may be an issue,[2] it is appropriate to recharacterize the petition rather than dismiss it without prejudice because of the running of the one year time clock. If the district judge accepts the undersigned's recommendation and recharacterizes this action as a § 2255 petition, Petitioner is informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[3] Accordingly, it is recommended that if the district judge recharacterizes the petition as a § 2255 motion, it should provide the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003). *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

IV.     Recommendation

It is recommended that the district court recharacterize this § 2241 petition with attachments as a § 2255 motion to be filed in *United States v. Cabbagestalk*, Cr. No. 4:08-624-RBH (D.S.C.). It is also recommended that the district court provide Petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540

---

[2] This court does not express any opinion on whether a § 2255 petition would have been time-barred.

[3] Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

U.S. 375 (2003). It is further recommended that the district court direct the Clerk of Court to open a § 2255 action and to close this § 2241 action. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *see also* Rule 4 and 1(b) of the Rules Governing § 2254 Cases ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

IT IS SO RECOMMENDED.

*[signature]*

October 6, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**