IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kenny Ray Cabbagestalk, | ) | Civil Action No.: 1:10-cv-02208-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Francisco Quintana, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2241. This matter is before the court with the [Docket Entry 12] Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges[1] filed on October 6, 2010. The Magistrate Judge recommends that this court recharacterize Petitioner's § 2241 Petition as a motion pursuant to 28 U.S.C. § 2255 and proceed accordingly. The court agrees and therefore will reserve judgment on the merits of Petitioner's motion until he either responds to the above-captioned matter being construed as a motion under § 2255 or the twenty-day time period for objections, as set forth in this Order, expires.

**Background**

On December 1, 2008, Petitioner pled guilty in this court to one count of interference with commerce by threat or violence and one count of using and carrying a firearm during and in relation to a crime a violence. *See United States v. Cabbagestalk*, Cr. No. 4:08-cr-00624-RBH (D.S.C.),

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), (D.S.C.).

[Docket Entry 67].[2] On April 2, 2009, the undersigned sentenced Petitioner to 72 months' imprisonment on count one and 84 months' imprisonment on count two, to run consecutively for a total of 156 months. *Id.* at [Docket Entries 98 & 101]. Petitioner did not file a direct appeal or a § 2255 motion in this court.

On July 19, 2010,[3] Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California. *See* Petition [Docket Entry 1]. In his § 2241 Petition, Petitioner seeks to have his 156-month sentence of imprisonment entered in *United States v. Cabbagestalk*, Cr. No. 4:08-cr-00624-RBH (D.S.C.), vacated and to be re-sentenced. *See id.*

On August 20, 2010, the Central District of California District Court entered an order transferring the case to this sentencing court. *See* August 20 Order [Docket Entry 3]. In that Order, the court found that Petitioner must bring his claims pursuant to § 2255. *Id.* at 4.

On October 6, 2010, the Magistrate Judge issued her R & R in this matter. Objections to the R & R were due October 25, 2010.[4] Petitioner has failed to file any objections. However, the court

---

[2] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the district court "clearly had the right to take notice of its own files and records"); *see also Col. Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is noticing the content of court records.'") (citations omitted).

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court). The court notes that it is unclear what date Petitioner delivered his § 2241 Petition to prison authorities for forwarding to the district court, as prison authorities did not date-stamp the envelope containing the Petition upon receipt. However, the district court received the Petition on July 21, 2010, and Petitioner signed the pleading on July 19, 2010. Therefore, out of an abundance of caution, the court will give Petitioner the benefit of the earliest possible filing date–July 19, 2010.

[4] Specific written objections must be filed within fourteen (14) days of the date of service of the R & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

2

received Petitioner's [Docket Entry 14] Motion to Vacate Sentence and Motion to Appoint Counsel[5] on October 12, 2010.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.   Review of Magistrate Judge's R & R

In her R & R, the Magistrate Judge ultimately found that "it is in the interest of justice to

---

[5] The court will reserve ruling on these motions until after Petitioner responds regarding recharacterization of this matter. If Petitioner does not object to this matter being recharacterized as a § 2255 motion, the court will direct the Clerk's office to re-file [Docket Entry 14] on the docket in *United States v. Cabbagestalk*, Cr. No. 4:08-cr-00624-RBH (D.S.C.).

recharacterize [Petitioner's] § 2241 habeas petition as a § 2255 habeas petition." R & R at 4. The Magistrate Judge noted that "[b]ecause the AEDPA one-year statute of limitations may be an issue," the Petition should be recharacterized rather than dismissed without prejudice. *Id.* at 5. Finally, the Magistrate Judge recommended that "if the [undersigned] recharacterizes the petition as a § 2255 motion, it should provide the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003)." *Id.* Petitioner has not filed objections to the R & R. Accordingly, the court adopts the R & R of the Magistrate Judge after reviewing the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

II.   Notice of Intent to Recharacterize this Petition as a § 2255 Motion

"[A] district court may not recharacterize a prisoner's filing as a § 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008); *see also Castro v. United States*, 540 U.S. 375 (2003).

Upon review, the undersigned is of the opinion that the Petition should be converted to a motion under 28 U.S.C. § 2255. Thus, Petitioner is hereby notified that the court intends to recharacterize his § 2241 Petition as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255[6] unless the court hears to the contrary within twenty (20) days from the date of this

---

[6] Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Order.

In deciding whether to proceed under § 2255, or as filed, Petitioner is advised of the following:

(1) Only one § 2255 motion is permitted to be filed.

(2) A prisoner is not entitled to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255 provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

(3) There is a one-year limitation period within which to file a § 2255 motion. A § 2255 motion must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

28 U.S.C. § 2255(a).

> collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After informing Petitioner of the court's intent to recharacterize his Petition under § 2255 and the effects of such recharacterization, Petitioner shall have twenty (20) days from the date of this Order in which to inform the court, in writing, if he does not wish for his Petition to be construed as a § 2255 motion.[7] If, at the end of that twenty-day period, the court has not received a response from Petitioner, this § 2241 Petition with attachments will be recharacterized as a § 2255 motion to be filed in *United States v. Cabbagestalk*, Cr. No. 4:08-cr-00624-RBH (D.S.C.), and this § 2241 action will be closed accordingly. However, if Petitioner does file an objection to recharacterization, the § 2241 Petition will be ruled on as styled.

In any event, if this matter is recharacterized as a § 2255 motion, it appears that the § 2255 motion would be barred as untimely under the AEDPA's one-year limitation period. *See* 28 U.S.C. § 2255(f). Petitioner's conviction and sentence were imposed by Judgment filed on April 7, 2009. *See United States v. Cabbagestalk*, Cr. No. 4:08-cr-00624-RBH (D.S.C.), [Docket Entry 101]. Because Petitioner did not seek direct appellate review, his Judgment became final for the purpose of starting the one-year limitation period on April 21, 2009.[8] Petitioner then had one year,

---

[7] Petitioner may also inform the court if he wishes to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383.

[8] For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. *Evans v. United States*, No. 4:09-70049-TLW, 2010 WL 1052824, at *2 (D.S.C. Mar. 19, 2010); *see Clay v. United States*, 537 U.S. 522 (2003); *see also United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that the petitioner's conviction became final on the date on which he declined to pursue direct appellate review).

specifically until April 21, 2010, in which to file a § 2255 motion. Therefore, even if the court were to use the § 2241's July 19, 2010 filing date as the filing date for the § 2255 motion after recharacterization, it would still be filed more than two (2) months after the expiration of the one-year limitation period. Thus, such a § 2255 motion would appear to be untimely on its face.

This one-year limitation period may be raised *sua sponte* by the court. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); *see also United States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004) (applying *Hill* to a § 2255 action). However, before a court can *sua sponte* dismiss a habeas petition based on the limitation period, it must provide the petitioner "notice and an opportunity to respond." *Hill*, 277 F.3d at 707. Accordingly, because the AEDPA's one-year limitation period may be an issue if this matter is recharacterized as a § 2255 motion, if Petitioner does not object to such recharacterization, then Petitioner shall, within twenty (20) days of this Order, demonstrate to the court that the § 2255 motion would be "filed within the proper time period." *Hill*, 277 F.3d at 708.

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Petitioner shall have twenty (20) days from the date of this Order in which to notify the court if he does not wish for this Petition to be construed as a § 2255 motion.

**IT IS FURTHER ORDERED** that, if Petitioner does not object to the court recharacterizing his Petition as a § 2255 motion, then Petitioner shall, within twenty (20) days of the date of this Order, demonstrate to the court that the § 2255 motion would be timely filed.

---

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Petitioner had ten (10) days from his Judgment date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(1) (2006). The court also notes that the new rule now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b)(1)(A)(1) (2010).

7

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
November 9, 2010